ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
LEONEL MOJICA, ESQ., SBN 273732
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Telephone: (562) 203-3030
Facsimile: (323) 725-0350
Email:  acasillas@casillaslegal.com
        dgastelum@casillaslegal.com
        lmojica@casillaslegal.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AAV, a minor, by and through his Guardian ad Litem, Mireya Segura, Juan Venegas Garcia, Sara Duran de Venegas, Estate of Alvaro Venegas, by and through successors in interest AAV, Juan Venegas Garcia and Sara Duran de Venegas,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 1 to 10,<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search & Seizure (42 U.S.C. § 1983)<br>2. Municipal Liability for Unconstitutional Customs and Practices (42 U.S.C. § 1983)<br>3. Interference with Familial Integrity (42 U.S.C. § 1983)<br>4. Assault & Battery<br>5. Wrongful Death<br>6. Civil Rights Violations (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs AAV, a minor, by and through his Guardian ad Litem, Mireya Segura, Juan Venegas Garcia, Sara Duran de Venegas, Estate of Alvaro Venegas, by and through successors in interest AAV, Juan Venegas Garcia and Sara Duran de Venegas (hereafter, collectively "Plaintiffs"), and allege as follows:

### I.
### INTRODUCTION

1. This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Alvaro Venegas by various deputies of the Los Angeles County Sheriff's Department. By way of this action, Plaintiffs will establish the violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Alvaro Venegas on or about September 12, 2019 at approximately 1:30 in the afternoon.

2. Alvaro Venegas was mentally ill and needed medical attention. The sheriff's deputies who contacted him during the underlying incident had ample time to evaluate his circumstances, concluded that he need medical attention, failed to summon such medical attention, and instead shot and killed him without justification or cause. This coldblooded shooting was absolutely unjustified, and it is Plaintiffs' goal to show that the killing of Alvaro Venegas was a senseless and unwarranted act of police abuse.

### II.
### JURISDICTION AND VENUE

3. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

///
///

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California, and all of the defendants reside in Los Angeles County.

## III.

## PENDANT CLAIMS

5. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims. Plaintiffs have complied with the California Tort Claims Act requirements. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## PARTIES

6. Plaintiffs' decedent Alvaro Venegas (also "Mr. Venegas") was an individual residing in California. The claims made by the ESTATE OF ALVARO VENEGAS are brought by the successors in interest to the Estate of Alvaro Venegas pursuant to California Code of Civil Procedure § 377.32. The successors in interest are his father, Juan Venegas Garcia, his mother, Sara Duran de Venegas, and his son AAV.

7. At all times relevant hereto, Plaintiff AAV is and was the natural son of decedent Alvaro Venegas. AAV is a minor and his claims are presented by and through is mother, Mireya Segura.

8. At all times relevant hereto, Plaintiff Juan Venegas Garcia is and was the natural father of decedent Alvaro Venegas.

9. At all times relevant hereto, Plaintiff Sara Duran de Venegas, is and was the natural mother of decedent Alvaro Venegas.

10. Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

11. Defendant COUNTY owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter also "LASD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees, complied with the laws and the Constitutions of the United States and of the State of California.

12. At all times relevant to the facts alleged herein, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees and agents, complied with the laws and the Constitutions of the United States and of the State of California.

13. At all relevant times, each of DOES 1 through 10 were employees of the LASD. At all times relevant herein, each of DOE defendant named in the present action, 1 through 10, was an employee and/or agent of Defendants COUNTY and LASD, and he or she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants COUNTY and the LASD, as well as under the color of the statutes and regulations of the State of California.

14. At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of defendants COUNTY and LASD and is sued in their individual capacities.

15. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

16. Defendants DOES 1 through 10 were also duly appointed sheriff's deputies, sergeants, lieutenants, detectives, or other supervisors, officials, executives and/or policymakers of LASD, a department and subdivision of Defendant COUNTY OF LOS ANGELES, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY OF LOS ANGELES, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

17. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged

herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

## V.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. On September 12, 2019, in the early afternoon, various deputies of the Los Angeles County Sheriff's Department were summoned to 25733 Rye Canyon Road, Valencia, California in response to telephone reports to LASD dispatchers of a mentally ill man acting strange in the vicinity of the said location.

19. The call was designated as a "5150" by LASD dispatchers, the designation for a mentally ill suspect, based on the callers' description of the subject's conduct.

20. The subject of the call, Mr. Alvaro Venegas, was in fact mentally ill, suffering from schizophrenia.

21. As the various deputies arrived at the location, they confirmed that the subject of the call was mentally ill. The subject, Mr. Venegas, was acting strangely. When the deputies arrived in various patrol vehicles at the location of the call, they found Mr. Venegas on a grassing mound near a sign under a tree in the parkway area. He was on his hands and knees making strange noises. He was shoeless, he was bare-chested – not wearing a shirt, and he was mumbling unintelligibly. He stood onto his knees when the deputies called out to him. During this initial part of the contact, Mr. Venegas appeared to be engaging in a conversation with himself. He continued to engage in this strange activity, and he did not respond to the various deputies that surrounded him and called out to him.

22. He eventually stood up, and when he did so, the deputies noticed that he held a short piece of wood in his right hand. He continued to mumble unintelligibly to himself and the deputies.

23. For the next 10 minutes, he paced back and forth waving the piece of wood in front of his body, speaking unintelligibly, and gesticulating strangely.

24. By the time that he stood and began pacing about, at least five deputies had arrived at the location and were immediately present in the close vicinity of Mr. Venegas.

25. Despite having ample time to coordinate tactics for the detention of Mr. Venegas, the deputies at the scene, DOES 1 through 10, did not communicate with each other as to how to detain him.

26. The deputies had available to them various less-than-lethal such as chemical agents ("pepper-spray"), electronic control devices ("tasers"), 12-gauge stunbags ("bean-bag shotguns"), and baton launching systems ("40-MM").  All of the deputies were trained and certified as to the use of these weapons.  They had ample time to deploy and use such weapons.  They failed to communicate as to reasonable tactics for the deployment of such weapons.

27. The circumstances were well-suited for the use of these weapons.  Mr. Venegas was on foot.  He was moving slowly.  He was in an open area with no other pedestrians in his vicinity.  He was easily accessible by deputies from positions of safety such as behind parked vehicles.  The incident happened in the early afternoon during daylight hours and visibility was not an issue.  The incident was slowly evolving and the deputies had at least 10 minutes to coordinate amongst each other the use of less-lethal weapons to detain Mr. Venegas.

28. The circumstances also called for the use of such weapons.  Mr. Venegas was non-responsive to attempts to communicate with him, he was speaking unintelligibly and acting irrationally, and he was clearly a danger to himself as he was near moving traffic along Rye Canyon road.

29. Rather than coordinate a tactical approach to detain Mr. Venegas, the deputies that were present with Mr. Venegas engaged in disorganized attempts to communicate with him.  One would approach Mr. Venegas and then withdraw after

not being able to communicate with Mr. Venegas, and then another would similarly approach and withdraw.

30.     The deputies in question, DOES 1 through 10, followed Mr. Venegas along the parkway toward a driveway where they encircled him near a patrol SUV that was parked in the driveway of the location.  Contrary to their training, the deputies allowed Mr. Venegas to get within a few feet of a group of three of them.  Two of the deputies had drawn their pistol as Mr. Venegas approached with a piece of wood in his hand.  The third deputy was attempting to locate a less-lethal weapon from the back of the SUV as Mr. Venegas moved toward the deputies.  Mr. Venegas steps toward one of the armed deputies (DOE 1), and that deputy grabbed Mr. Venegas in an effort to take him to the ground.  He then pushed Mr. Venegas backwards.  The second armed deputy began to holster his pistol as Mr. Venegas was moving backwards and, as he was holstering his pistol, he and the third deputy moved forward toward Mr. Venegas to tackle him or otherwise take him to the ground.   As Mr. Venegas was moving backwards away from the deputies and as the two deputies were moving toward him to take him down, the first deputy - DOE 1 – and other deputies present, without cause fired several gunshots at Mr. Venegas, striking him in the chest.  Mr. Venegas eventually died from these wounds.

31.     Under the circumstances, the shooting and killing of Alvaro Venegas was without provocation, cause or necessity as Alvaro Venegas did not pose a threat or represent a danger of any nature to anyone, including the defendant deputies, at the time of the shooting.  Alvaro Venegas was retreating and moving backwards away from the deputies at the time of the shooting.  Accordingly, the shooting and killing of Alvaro Venegas was unjustified and this use of force was unwarranted and excessive under the circumstances.

///
///
///

## VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Unreasonable Search & Seizure**

**42 U.S.C. § 1983**

**As Against Defendant DOES 1 through 10**

32. Plaintiffs ESTATE OF ALVARO VENEGAS, by and through Mr. Venegas's successors in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

33. The actions of Defendants DOES 1 through 10, as described herein violated Alvaro Venegas's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Alvaro Venegas to unreasonable searches and seizures of his person. Under the totality of the relevant circumstances that existed, Alvaro Venegas posed no danger or threat to the defendant, or anyone else. The shooting and killing of Alvaro Venegas was unreasonable under the circumstances in every respect.

34. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

35. The unauthorized, unwarranted killing of Alvaro Venegas was willful and done with a deliberate disregard for the rights and safety of Alvaro Venegas, and therefore warrants the imposition of punitive damages as to shooting deputies.

36. After being shot, Alvaro Venegas endured great physical and emotional pain and suffering.

37. Accordingly, the shooting deputies are liable to Plaintiff ESTATE OF ALVARO VENEGAS for compensatory damages pursuant to 42 U.S.C. § 1983.

///

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Customs and Practices**

**42 U.S.C. § 1983**

**As Against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 7 through 10**

38. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

39. On and before September 2019, and prior to the killing of Alvaro Venegas, Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 7 through 10, and each of them, were aware that LASD deputies were regularly failing to use safe and proper tactics in detaining mentally ill persons. Said defendants were aware that the training that the LASD was providing its deputies was inadequate to preserve the lives of mentally ill persons.

40. Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 1 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, knowingly maintained, enforced and applied customs and practices of

    a. allowing deputies to shoot unarmed mentally ill persons without attempting to use less-than-lethal force;

    b. ratifying wrongful conduct by sheriff's deputies and supervisors which result in serious injuries and death of mentally ill or disabled persons, through the payment of civil litigation judgments and settlements'

    c. failing to implement corrective action to prevent repetition of said wrongful conduct; and

    a. Failing to provide specific training as to tactics for the handling, management and detention of mentally ill or disabled suspects.

41. By reason of the aforementioned customs and practices, Alvaro Venegas was severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

42. Defendants COUNTY OF LOS ANGELES, LASD and Does 1 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

43. The policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY OF LOS ANGELES, LASD and Does 7 through 10, and each of them, were affirmatively linked to and were a significantly influential force behind the injuries suffered by Alvaro Venegas and the Plaintiffs.

44. Accordingly, Defendant COUNTY OF LOS ANGELES is liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
### Interference with Familial Integrity
### Substantive Due Process Violation
### 42 U.S.C. § 1983
### As Against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 1 through 10

45. Plaintiffs AAV, Juan Venegas Garcia and Sara Duran de Venegas reallege and incorporate the foregoing paragraphs as if set forth herein.

46. The present claim is brought pursuant to 42 U.S.C. § 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

47. As alleged above, the shooting and killing of Alvaro Venegas was unreasonable under the circumstances of the encounter between Alvaro Venegas and Defendants DOES 1 through 10. As such, the shooting and killing of Alvaro Venegas violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

48. At the same time, the shooting and killing of Alvaro Venegas violated the rights of Plaintiffs AAV, Juan Venegas Garcia and Sara Duran de Venegas to be free from police interference in their relationship with Alvaro Venegas.

49. The unreasonable conduct of Defendants DOES 1 through 10 was the direct and proximate cause of the death of Alvaro Venegas. As a result of the unreasonable conduct of Defendants 1 through 10, Plaintiffs lost Alvaro Venegas, as well as his love, affection, society, and financial and moral support.

50. As a result, Defendants COUNTY OF LOS ANGELES and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

51. The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of Alvaro Venegas and the present Plaintiffs and therefore warrants the imposition of punitive damages as to Defendants DOES 1 through 10.

## FOURTH CLAIM FOR RELIEF

### Assault & Battery

**As Against Defendants COUNTY OF LOS ANGELES and DOES 1 through 10**

52. Plaintiff Estate of Alvaro Venegas, by and through Alvaro Venegas's successors in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

53. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

54. Defendants DOES 1 through 10 assaulted and battered Alvaro Venegas, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Alvaro Venegas by unreasonably and unjustly shooting and killing Alvaro Venegas.

55. These acts were undertaken by DOE Defendants 1 through 10 intentionally and without justification.

56. As a result of these deliberate and unjustified acts undertaken by said defendants, Alvaro Venegas endured great physical and emotional pain and suffering.

57. These deliberate and unjustified acts undertaken by Defendants DOES 1 through 10 were willful and done with a deliberate disregard for the rights and safety of decedent Alvaro Venegas and, therefore, warrant the imposition of punitive damages as to Defendants DOES 1 through 10.

58. Defendant COUNTY OF LOS ANGELES is liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

## FIFTH CLAIM FOR RELIEF

### Wrongful Death

**As Against Defendants COUNTY OF LOS ANGELES and DOES 1 through 10**

59. Plaintiffs AAV, Juan Venegas Garcia and Sara Duran de Venegas realleges and incorporates the foregoing paragraphs as if set forth herein.

60. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

61. Defendants DOES 1 through 6, while working as sheriff's deputies of the LASD, and acting within the course and scope of their duties, employed negligent tactics and intentionally and/or without due care shot Alvaro Venegas. The shooting

13
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

resulted as a result of said defendants improper and negligent tactics.  As a result of these intentional acts and negligence, Alvaro Venegas suffered serious injuries and lost his life.  Defendant DOES 1 through 6 had no legal or reasonable justification for their actions.

62.   As a direct and proximate result of the conduct of Defendants DOES 1 through 6, Alvaro Venegas lost his life.  Plaintiffs have been deprived of the life-long love, affection, comfort, support and society of Alvaro Venegas, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs were further caused to pay funeral and burial expenses as a result of the conduct of Defendant DOES 1 through 6.

63.   Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful, intentional and/or negligent acts of Defendants DOES 1 through 6, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SIXTH CLAIM FOR RELIEF

### Civil Rights Violations (Cal. Civ. Code § 52.1)

**As Against Defendants COUNTY OF LOS ANGELES and DOES 1 through 10**

64.   Plaintiffs AAV, Juan Venegas Garcia, Sara Duran de Venegas and ESTATE OF ALVARO VENEGAS reallege and incorporate the foregoing paragraphs as if set forth herein.

65.   This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2.  Plaintiffs complied with the California Tort Claims Act requirements.

66.   As a result of the conduct of Defendants DOES 1 through 6 by the use of threats, intimidation, and coercions, interfered with Plaintiffs' exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the

Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

67. All of the above acts and omissions of these Defendants, and each of them, were wilful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

68. Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiffs for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B. For punitive damages against Defendants DOES 1 through 10 pursuant to 42 U.S.C. § 1983, and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each of them;

C. For prejudgment interest to be determined at trial;

D. For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

///
///
///
///
///
///

E. For such further other relief as the Court may deem just, proper, and appropriate.

Date: April 8, 2020        CASILLAS & ASSOCIATES

By: /s/ Arnoldo Casillas
ARNOLDO CASILLAS
DENISSE O. GASTÉLUM
LEONEL MOJICA
Attorneys for Plaintiffs,
ESTATE OF ALVARO VENEGAS, AAV, Juan Venegas Garcia and Sara Duran de Venegas

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

Plaintiff Attorneys for Plaintiffs ESTATE OF ALVARO VENEGAS, AAV, Juan Venegas Garcia and Sara Duran de Venegas hereby demand trial by jury.

Dated: April 8, 2020　　　　　　　　CASILLAS & ASSOCIATES

　　　　　　　　　　　　　　　　　　By: /s/ Arnoldo Casillas
　　　　　　　　　　　　　　　　　　ARNOLDO CASILLAS
　　　　　　　　　　　　　　　　　　DENISSE O. GASTÉLUM
　　　　　　　　　　　　　　　　　　LEONEL MOJICA
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs, ESTATE OF
　　　　　　　　　　　　　　　　　　ALVARO VENEGAS, AAV, Juan Venegas
　　　　　　　　　　　　　　　　　　Garcia and Sara Duran de Venegas